UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

HARTFORD CASUALTY INSURANCE
COMPANY,

*Plaintiff-Appellee,*

v.

MCJ CLOTHIERS, INCORPORATED, t/a
Joan Vass,

*Defendant-Appellant.*

No. 02-1433

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-00-81-DKC)

Argued: December 3, 2002

Decided: December 27, 2002

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Richard Brian Rosenblatt, THE LAW OFFICES OF
RICHARD B. ROSENBLATT, P.C., Rockville, Maryland, for Appel-
lant. George Edwin Reede, Jr., NILES, BARTON & WILMER,
L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:** Linda M.
Dorney, THE LAW OFFICES OF RICHARD B. ROSENBLATT,
P.C., Rockville, Maryland, for Appellant. Robert S. Reverski, Jr.,

NILES, BARTON & WILMER, L.L.P., Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellant, MCJ Clothiers ("MCJ"), appeals the district court's grant of summary judgment for appellee, Hartford Casualty Insurance Co. ("Hartford Casualty"), on counterclaims MCJ brought against Hartford Casualty for breach of contract and bad faith. Hartford Casualty initially brought suit against MCJ, its insured, for declaratory judgment after denying an insurance claim MCJ made for property damage it suffered as a consequence of a fire on its premises. The district court concluded that MCJ did not proffer sufficient evidence to support its counterclaims and so granted Hartford Casualty summary judgment. We conclude that this determination was proper and affirm the judgment.

I.

At the time of the events central to this case, MCJ operated a Washington, D.C.-based clothing store, which store was insured by Hartford Casualty against property damage, including that caused by fire. On June 18, 1999, a fire broke out in the store, and though a sprinkler system quickly extinguished the blaze, water from the sprinklers caused substantial damage to the store and its inventory. Ms. Moscarillo, MCJ's owner-proprietor, filed a claim under MCJ's insurance policy with Hartford Casualty to recoup losses, but Hartford Casualty refused to pay on the claim after it discovered via an investigation that an accelerant, poured out over the store's electrical transformer, had fueled the fire. Hartford Casualty concluded that the fire was intentionally set and that, as a consequence, MCJ was responsible

for its own losses. On January 10, 2000, following its denial of the claim, Hartford Casualty filed a declaratory judgment action against MCJ to establish its right in denying the claim. MCJ counterclaimed in response for breach of contract and bad faith.

Hartford Casualty submitted several interrogatories to MCJ during discovery in order to prepare its counterclaims defense. Two of these interrogatories, and particular portions of MCJ's response to them, lie at the heart of this appeal:

> *Interrogatory 1*: Identify each lay witness who will give opinion testimony on your behalf at trial, and state the opinions to which each witness will testify and the grounds for those opinions.

> MCJ Response: [Ms.] Moscarillo concerning.[1]

> *Interrogatory 6*: If you contend that you are entitled to recover attorney fees in this case, state the factual basis to support your contention, and the precise terms of your fee agreement with your attorneys.

> MCJ Response: Defendant will be amending the Counterclaim withdrawing the bad faith count and request for attorney fees.

MCJ amended its response to Interrogatory 6 three weeks before the close of discovery in a letter to Hartford Casualty:

> Please be advised that Defendant's Answer to Interrogatory Number 6 will be amended as follows: "The Defendant contends that Plaintiff acted with bad faith in denying this claim. This action violates applicable law in the District of

---

[1]MCJ's answer to Interrogatory 1 originally read: "[Ms.] Moscarillo concerning all issues raised in this litigation" (J.A. 264-68). However, after Hartford Casualty objected to the generality of this answer as unresponsive, MCJ amended it by striking "all issues raised in this litigation" (J.A. 334-35).

Columbia which provides for attorney's fees as well as other damages."

(J.A. 340-41). MCJ did not disclose the alleged basis for this reasserted bad faith claim, however, until five weeks after discovery closed.

Also relevant to this appeal is a sanction ruling that the magistrate judge supervising discovery issued against MCJ. MCJ used delay and unresponsiveness consistently to undercut Hartford Casualty's efforts to prosecute discovery and obtain responses to interrogatories.[2] Eventually the magistrate intervened, ordering MCJ to produce and to answer, and ultimately sanctioning MCJ for its conduct. The magistrate's sanction ruling barred MCJ "from presenting expert testimony from any witness aside from William J. Cysyk [MCJ's expert on the fire's origins]" (J.A. 338).

Hartford Casualty moved for summary judgment on MCJ's counterclaims subsequent to the close of discovery and the magistrate's sanction ruling. Hartford Casualty argued that as to the contracts counterclaim, MCJ had not proffered a basis for proving damages. MCJ countered by arguing it had made two distinct proffers that could prove damages. It argued that its proffer of James Harper, an expert retained to assess "business losses under the insurance contract," J.A. at 267 (Defendant's Answers to First Set of Interrogatories), could prove damages *provided* the court reversed the sanction barring MCJ's experts' testimony, and that its proffer of Ms. Moscarillo's testimony could also prove damages. The district court upheld the sanction ruling, precluding the Harper proffer, and rejected MCJ's contention that Ms. Moscarillo's testimony was a satisfactory alternative proffer on which to prove damages. On these grounds, the court granted Hartford Casualty summary judgment on the contract counterclaim. As to the bad faith counterclaim, Hartford Casualty argued that MCJ had proffered no basis for it whatsoever. The court, agreeing with Hartford Casualty, granted summary judgment as to it as well. Hartford Casualty then filed a motion for voluntary dismissal

---

[2]For example, MCJ answered Hartford Casualty's interrogatories only after the magistrate's *extended* production deadlines had passed.

of its remaining declaratory judgment claims, which the court also granted. MCJ now appeals the court's summary judgment rulings.

## II.

MCJ first contends that the district court erred by concluding that MCJ proffered no evidence with which to prove the fact of and extent of damages caused by the fire, and thus erred in granting summary judgment on its contract counterclaim. Under the authority of both Maryland law, *see Lazorcak* v. *Feuerstein*, 273 Md. 69 (1974), and the provisions of the insurance contract at issue, *see* J.A. at 35, MCJ has the burden of proving these elements of its contract claim, so our sole concern is whether, on *de novo* review, we can discern any proffer by MCJ on which a jury might be able to establish MCJ's damages.

On appeal, MCJ does not challenge the district court's affirmance of the sanction ruling that barred the Harper testimony, but relies solely on its alternative argument that it had proffered Ms. Moscarillo's testimony as to damages and that her testimony could suffice to prove such. MCJ argues that the district court never actually addressed this argument and that the court based its ruling solely on an errant interpretation of the sanction ruling instead, mistakenly barring *all* witness from testifying as to damages, rather than merely *expert* witnesses.

Though the district court's order is not free of ambiguity, a careful reading of the order reveals that the court did address and reject MCJ's proffer of Ms. Moscarillo, and that it did not misinterpret the sanction ruling. The order follows:

> Because there was no timely objection to [the sanction] ruling, MCJ Clothiers could not proffer any testimony that was properly disclosed in discovery in opposition to Hartford's motion for summary judgment . . . .

J.A. at 405. This language contains two distinct analytical conclusions: (1) it rejects MCJ's challenge to the sanction ruling, with the result being that the Harper proffer is barred; and (2) it establishes

that no other damages testimony was *properly disclosed.* Since it was never even suggested that Harper's testimony was not properly disclosed, and since Ms. Moscarillo's was the only testimony, other than Harper's, that MCJ argued it had proffered to prove damages, the court's order necessarily refers to Ms. Moscarillo's testimony and concludes that her testimony as to damages had not been properly disclosed, and, as a consequence, could not be proffered.

The district court's reasoning on this question is not in error. The record establishes that though Ms. Moscarillo was proffered as a general witness in MCJ's response to Interrogatory 1, she was never proffered as an opinion witness as to damages in such a way as to satisfy Fed. R. Civ. P. 37. Under Rule 37, where parties do not disclose, in response to interrogatory requests, opinions to which witnesses will testify, the undisclosed testimony is inadmissible.

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1).

Nowhere in the record did MCJ put Hartford Casualty on notice that their deposition questioning or their trial strategy ought to take into account Ms. Moscarillo's opinions as to damages. In response to Interrogatory 1's query of what lay opinion testimony would be presented at trial, MCJ answered with respect to Ms. Moscarillo only, "[Ms.] Moscarillo concerning," without further elaboration. The district court's conclusion that this non-descriptive response could not constitute a proffer of an opinion as to damages was proper. And so likewise were its conclusions that MCJ had proffered no basis on which to prove damages, and that Hartford Casualty was due summary judgment.

### III.

MCJ also appeals the district court's grant of summary judgment to Hartford Casualty on the bad faith counterclaim. The court granted

summary judgment on this claim because MCJ proffered no basis for the claim, by virtue of its failure to properly disclose the alleged basis. The court said:

> [MCJ] does not, however, contest the assertion that the basis for this claim was not provided in discovery, nor did it amend earlier answers or move to reopen discovery. Accordingly there is no justification for accepting its assertions made for the first time in response to the motion.

J.A. at 402.

In the face of this plain ruling, MCJ argues that "the District Court did not rely on or make a Rule 37(c) determination." Appellant's Reply Br. at 6. This contention is meritless. Though the court, in this cursory order, does not expressly reference Rule 37(c), as it did not in its rejection of the contract counterclaim, its language and reasoning make clear here, as on the contract counterclaim, that the court relied upon the requirements of proper disclosure codified within Rule 37.

The record fully supports the district court's conclusion under Rule 37 that MCJ did not properly disclose the alleged basis for its bad faith claim. Hartford Casualty submitted an interrogatory seeking the basis for the claim, but MCJ never answered. Hartford Casualty did not challenge this unresponsiveness because MCJ withdrew the claim in answer to Interrogatory 6. When MCJ amended that answer, reasserting the bad faith claim, it did so only three weeks prior to the close of discovery, and still did not provide the claim's alleged basis. Not until five weeks *after* the close of discovery did MCJ finally disclose the claim's basis. On this record, the district court was well justified in adjudging MCJ's disclosure to be untimely, its proffer of the claim's basis to be precluded, and summary judgment to be due Hartford Casualty.

MCJ also argues that even if its disclosures were untimely, Rule 37's harmlessness exception should apply. But the exception does not apply here because Hartford Casualty was prejudiced by MCJ's actions, since its failure to notice Hartford Casualty in a timely fash-

ion of the claim's basis prevented Hartford Casualty from using discovery fully to prepare its defense.

## *CONCLUSION*

For the reasons stated herein, the judgment of the district court is affirmed.

*AFFIRMED*